JOSEPH OSCAR SIVIN and Others, Plaintiffs, *v.* WARNER L. JONES and Others, Defendants.

Supreme Court, New York County, September 13, 1930.

*Chadbourne, Stanchfield & Leve* [*J. Arthur Leve* and *Leonard P. Moore* of counsel], for the motion.

*Mark G. Holstein* [*Harry A. Yerkes, Jr.*, of counsel], opposed.

UNTERMYER, J. The defendant Gaston moves for judgment dismissing the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiffs are five out of eight individuals who planned to form a stock brokerage partnership to commence on January 1, 1930. The three defendants are the remaining individuals who were to become members of the partnership. The complaint sets out the agreement, the amount of capital to be contributed by each party, the percentage of losses, if any, to be borne by each, and that the partnership, prior to the

date at which it was to take effect, assumed substantial liability on leases and incurred necessary disbursements. An accounting is demanded. It is prayed that the respective rights and liabilities of the parties under the partnership agreement be determined, that the obligations and liabilities of the partnership be apportioned to the respective parties according to the partnership agreement, and, finally, that the court render a declaratory judgment declaring the obligations of the parties to the partnership agreement. It is alleged, however, in paragraph 14 of the complaint: "That prior to January 1st, 1930, the parties abandoned said partnership and that it thereafter became necessary to liquidate the obligations and liabilities of said partnership as speedily as possible."

I am of the opinion that upon these facts there is an adequate remedy at law and that a suit in equity for an accounting cannot be maintained to determine the rights of the parties to the partnership agreement prior to the date at which the partnership was to have been formed. Until the formation of the partnership on January 1, 1930, the individuals of which it was to be composed were only parties to a contract to form a partnership and did not assume toward each other the fiduciary obligations which characterize the relations of partners. It is true that there is classical as well as contemporary authority for the proposition that a court of equity will decree specific performance of a partnership contract, even though the partnership is to be dissolved immediately after it is created under the decree, for the purpose of fixing liabilities *inter sese;* but the allegation of the complaint here, that the project to form a partnership was abandoned before the date at which it was to come into existence, precludes the court from granting the equitable relief which the plaintiffs demand. The obligations incurred before the partnership had an existence are all capable of statement in terms of money liability, and there seems to be no good reason why a suit at law would not afford complete relief.

Motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint within ten days after service of notice of entry of this order and on payment of ten dollars costs.